# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Bowe Bently Getzlaff, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| | ) | |
| vs. | ) | |
| | ) | |
| Tim Westby, et. al., | ) | Case No. 1:16-cv-373 |
| | ) | |
| Defendants. | ) | |

The plaintiff, Bowe Bently Getzlaff ("Getzlaff"), is an inmate at the James River Correctional Center ("JRCC"). He initiated the above-entitled civil rights action *pro se* in late October 2016, with the submission of an application to proceed *in forma pauperis*, which the court granted in an order dated November 11, 2016, and a complaint. On November 18, 2016, Getzlaff filed notice of his consent to the undersigned's exercise of jurisdiction. This matter is now before the undersigned for an initial screening as mandated by 42 U.S.C. § 1915A.

## I.   DISCUSSION

Getzlaff alleges:

> My #31 moler tooth was broken beyond repare, and subsequently cut out by a dentist due to a piece of metal I bit into located inside an oatmeal creme pie. The creme pie was purchased by me and distributed by TW Vending.
>
> * * *
>
> I am seeking relief of $500,000 due to ongoing fear and anxiety concerns. I have great trouble eating after broken tooth extraction.

(Docket No. 7) (errors in original).

Notably, Getzlaff neglects to mention when or where he purchased the oatmeal creme pie in question. Given that he has named Ward County as a defendant, the court shall assume for the

1

purposes of its initial review that he purchased the oatmeal creme pie from the commissary while in custody at the Ward County Jail.

## II.     STANDARD GOVERNING INITIAL REVIEW

The Prison Litigation Reform Act of 1995 ("PLRA") requires an initial court screening of all civil actions brought by prisoners that relate to prison conditions or that seek redress from a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The screening is required even when the prisoner has paid the filing fee. Lewis v. Estes, Case No. 00–1304, 242 F.3d 375 (table); 2000 WL 1673382, at *1 (8th Cir. Nov. 8, 2000) (unpublished *per curiam*). The purpose of the screening requirement is to weed out claims that clearly lack merit with the hope that this will help to lessen the burdens imposed by the ever-rising numbers of prisoner suits, which too often are frivolous and without merit. Jones v. Bock, 549 U.S. 199, 202-03 (2007); Woodford v. Ngo, 548 U.S. 81, 83-84 (2006). In conducting the screening, the court must dismiss a complaint or portion thereof if its claims are legally frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1).

Neither 42 U.S.C. § 1983 nor the PLRA imposes any heightened pleading requirements. Jones v. Bock, 549 U.S. at 211-12. Consequently, in order to state a cognizable claim, the complaint need only meet the minimum requirements of Fed. R. Civ. P. 8(a)(2), which are that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (*per curiam*).

The court is obligated to construe a *pro se* complaint liberally and hold it to a less stringent standard than what normally would be required of attorneys. Id.; see also Federal Express Corp. v.

2

Holowecki, 552 U.S. 389, 402 (2008). This does not mean that the court must accept everything or anything that is filed by *pro se* prisoners, however. In enacting the screening requirement, Congress obviously expected it to be more than an a ritualistic exercise and that courts would only allow to go forward those claims that are cognizable, that seek relief from a non-immune party, and that are not obviously frivolous or malicious.

To meet the minimal pleading requirements of Rule 8(a)(2) for stating a cognizable claim, something more is required than simply expressing a desire for relief and declaring an entitlement to it. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007). The complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. at 93 (quoting Bell Atlantic, 550 U.S. at 555). And, even though the complaint is to be liberally construed, it must also contain enough to satisfy Bell Atlantic's "plausibility standard." E.g., Ventura-Vera v. Dewitt, 417 F. App'x 591, 592, 2011 WL 2184269, *1 (8th Cir. 2011) (unpublished per curiam) (citing Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2007) for the appropriate post-Bell Atlantic standard); see also Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (*pro se* complaints must allege sufficient facts to state a claim). Complaints that offer nothing more than labels and conclusions or a formulaic recitation of the elements are not sufficient. Frivolous claims are those that are clearly baseless, fanciful, fantastic, or delusional. See Denton v. Hernandez, 504 U.S. 25, 32-34 (1992).

To state a cognizable claim under § 1983, a plaintiff must normally allege a violation of a right secured by the Constitution or the laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Walker v. Reed, 104 F.3d 156, 157 (8th Cir. 1997). Even under liberal pleading standards, a *pro

3

*se* litigant, at the very least, must invoke rights under the Constitution or federal law in order to plead a § 1983 claim. Walker v. Reed, 104 F.3d at 157-58.

Finally, even though the court is obligated to construe *pro se* complaints liberally, the court is not required to ignore facts that are pled by a prisoner when they undermine the prisoner's claim. The court may accept as true all facts pled in the complaint and conclude from them that there is no claim as a matter of law. E.g., Thompson v. Ill. Dep't of Prof'l Regulation, 300 F.3d 750, 753-54 (7th Cir. 2002) (citing other cases).

### III. DISCUSSION

To be clear, Getzlaff neither takes issue with the extraction of his cracked tooth nor otherwise complains about the dental care he has received while in custody. Rather, he asserts a claim arising out of the consumption of an allegedly defective food product that he presumably purchased from a jail commissary. This is problematic.

Getzlaff initiated this action pursuant to 42 U.S.C. § 1983. However, he does not assert that any of the named defendants violated his Constitutional rights. Rather, he is asserting what can only be construed as common law tort claims for negligence. See e.g., McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010) ( "[N]egligence, even gross negligence, does not violate the Constitution.").[1] Consequently, he cannot proceed under § 1983.[2]

---

[1] As an aside, it should be noted that all of the named defendants save Ward County are private actors. Section 1983 authorizes lawsuits for monetary damages or injunctive relief against those acting under the color of state law who violate a citizen's constitutional rights. Actions taken by private actors are generally not deemed to be the actions of a state actor for § 1983 purposes unless the state has so directed or dominated the activity that it functionally becomes a state action. See DeBauche v. Trani, 191 F.3d 499, 507 (4th Cir. 1999).

[2] Even if the court were to simply overlook the fact that Getzlaff initiated this action under § 1983 and treat this as a common law torts action, it would still be subject to dismissal albeit on different grounds. As this matter does not involve a federal question, the court's jurisdiction would hinge in part upon there being complete diversity of citizenship between the parties. As plead by Getzlaff, there is no such diversity here.

## IV. CONCLUSION

Getzlaff's complaint is devoid of any cognizable § 1983 claim.  Consequently, the above-entitled action is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

Dated this 7th day of February, 2017.

>  */s/ Charles S.  Miller, Jr.*
>  Charles S.  Miller, Jr., Magistrate Judge
>  United States District Court

Case 1:16-cv-00373-CSM   Document 9   Filed 02/07/17   Page 6 of 6